UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
SHIMON KLEINMAN, individually and on behalf
of all others similarly situated,

        Plaintiff,

    vs.

FIRSTSOURCE ADVANTAGE, LLC,

        Defendant.
------------------------------------------------------------- X

Case No. 1:16-cv-05607-ARR-RER

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

January 3, 2017

STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038-4982
(212) 806-5400

*Attorneys for Defendant*
*Firstsource Advantage, LLC*

Defendant Firstsource Advantage, LLC ("Firstsource") hereby answers the Complaint filed by Shimon Kleinman ("Plaintiff") as follows:

## INTRODUCTION

1. Answering Paragraph 1 of the Complaint, Firstsource admits that Plaintiff purports to bring this action for alleged violations of the federal Fair Debt Collection Practices Act, 15. U.S.C. § 1692, et seq., ("FDCPA"), but denies that it violated the FDCPA or that Plaintiff is entitled to any relief whatsoever.

2. Answering Paragraph 2 of the Complaint, Firstsource states that 15 U.S.C. §§ 1692d, 1692e and 1692f speak for themselves, and Firstsource denies any allegations that are inconsistent therewith.

## PARTIES

3. Answering Paragraph 3 of the Complaint, Firstsource admits, based on information and belief, that Plaintiff is an individual who is a citizen of the State of New York and resides within this district.

4. Answering Paragraph 4 of the Complaint, Firstsource states that 15 U.S.C. § 1692a(3) and case law interpreting the same speak for themselves and Firstsource denies any allegations that are inconsistent therewith. Firstsource further states that Paragraph 4 calls for a legal conclusion to which no response is required.

5. Answering Paragraph 5 of the Complaint, Firstsource states that it has an office located in Buffalo, New York. Except as expressly admitted herein, Firstsource denies the allegations contained in Paragraph 5.

6. Answering Paragraph 6 of the Complaint, Firstsource admits that, at times and in compliance with applicable laws and regulations, it attempts to obtain payment of debts owed and that, at times, debtors pay all or part of the amounts owed as a result of Firstsource's efforts. Except as expressly stated herein, Firstsource denies the allegations contained in Paragraph 6.

7. Answering Paragraph 7 of the Complaint, Firstsource states that 15 U.S.C. § 1692a(6) and case law interpreting the same speak for themselves, and Firstsource denies any

allegations that are inconsistent therewith. Firstsource further states that Paragraph 7 calls for a legal conclusion to which no response is required.

## JURISDICTION AND VENUE

8. Answering Paragraph 8 of the Complaint, for purposes of this action only, Firstsource does not challenge jurisdiction with respect to Plaintiff's claims for alleged violations of the FDCPA, but denies any liability to Plaintiff and denies that Plaintiff is entitled to any relief whatsoever.

9. Answering Paragraph 9 of the Complaint, for purposes of this action only, Firstsource does not challenge venue with respect to Plaintiff's claims for alleged violations of the FDCPA, but denies any liability to Plaintiff and denies that Plaintiff is entitled to any relief whatsoever.

## ALLEGATIONS

10. Answering Paragraph 10 of the Complaint, Firstsource admits that, in compliance with applicable laws and regulations, it sent the October 8, 2015 letter attached to the Complaint to Plaintiff in an attempt to contact Plaintiff and obtain payment of Plaintiff's outstanding, delinquent debt. Except as expressly stated herein, Firstsource denies the allegations contained in Paragraph 10.

11. Answering Paragraph 11 of the Complaint, Firstsource admits that, in compliance with applicable laws and regulations, it sent the October 8, 2015 letter attached to the Complaint to Plaintiff in an attempt to contact Plaintiff and obtain payment of Plaintiff's outstanding, delinquent debt. Except as expressly stated herein, Firstsource denies the allegations contained in Paragraph 11.

12. Answering Paragraph 12 of the Complaint, Firstsource states that Paragraph 12 contains no allegations directed toward Firstsource and, therefore, Firstsource neither admits nor denies the allegations contained therein.

13.     Answering Paragraph 13 of the Complaint, Firstsource states that Paragraph 13 contains no allegations directed toward Firstsource and, therefore, Firstsource neither admits nor denies the allegations contained therein.

14.     Answering Paragraph 14 of the Complaint, Firstsource states that the May 12, 2015 and October 8, 2015 letters speak for themselves, and Firstsource denies any allegations that are inconsistent therewith.  Except as expressly admitted herein, Firstsource denies the allegations contained in Paragraph 14.

15.     Answering Paragraph 15 of the Complaint, Firstsource denies the allegations contained in Paragraph 15.

16.     Answering Paragraph 16 of the Complaint, Firstsource denies the allegations contained in Paragraph 16.

17.     Answering Paragraph 17 of the Complaint, Firstsource denies the allegations contained therein.

18.     Answering Paragraph 18 of the Complaint, Firstsource states that the FDCPA and case law interpreting the same speak for themselves and Firstsource denies any allegations that are inconsistent therewith.  To the extent a further response is required, Firstsource denies the allegations contained in Paragraph 18.

19.     Answering Paragraph 19 of the Complaint, Firstsource states that the October 8, 2015 letter speaks for itself, and Firstsource denies any allegations that are inconsistent therewith.

20.     Answering Paragraph 20 of the Complaint, Firstsource denies the allegations contained therein.

21.     Answering Paragraph 21 of the Complaint, Firstsource states that the FDCPA and case law interpreting the same speak for themselves and Firstsource denies any allegations that are inconsistent therewith.

22. Answering Paragraph 22 of the Complaint, Firstsource states that Paragraph 22 contains no allegations directed toward Firstsource and, therefore, Firstsource neither admits nor denies the allegations contained therein.

23. Answering Paragraph 23 of the Complaint, Firstsource states that the FDCPA and case law interpreting the same speak for themselves and Firstsource denies any allegations that are inconsistent therewith.

24. Answering Paragraph 24 of the Complaint, Firstsource states that the FDCPA and case law interpreting the same speak for themselves and Firstsource denies any allegations that are inconsistent therewith.

25. Answering Paragraph 25 of the Complaint, Firstsource denies the allegations contained in Paragraph 25.

26. Answering Paragraph 26 of the Complaint, Firstsource states that the FDCPA and case law interpreting the same speak for themselves and Firstsource denies any allegations that are inconsistent therewith. To the extent a further response is required, Firstsource denies the allegations contained in Paragraph 26.

27. Answering Paragraph 27 of the Complaint, Firstsource states that the FDCPA and case law interpreting the same speak for themselves and Firstsource denies any allegations that are inconsistent therewith. To the extent a further response is required, Firstsource denies the allegations contained in Paragraph 27.

28. Answering Paragraph 28 of the Complaint, Firstsource states that the FDCPA and case law interpreting the same speak for themselves and Firstsource denies any allegations that are inconsistent therewith.

29. Answering Paragraph 29 of the Complaint, Firstsource states that the FDCPA and case law interpreting the same speak for themselves and Firstsource denies any allegations that are inconsistent therewith.

LA 52024908

30. Answering Paragraph 30 of the Complaint, Firstsource states that the FDCPA and case law interpreting the same speak for themselves and Firstsource denies any allegations that are inconsistent therewith.

31. Answering Paragraph 31 of the Complaint, Firstsource states that the FDCPA and case law interpreting the same speak for themselves and Firstsource denies any allegations that are inconsistent therewith.

32. Answering Paragraph 32 of the Complaint, Firstsource states that the FDCPA and case law interpreting the same speak for themselves and Firstsource denies any allegations that are inconsistent therewith.

33. Answering Paragraph 33 of the Complaint, Firstsource states that the October 8, 2015 letter speaks for itself, and Firstsource denies any allegations that are inconsistent therewith. Firstsource otherwise denies the allegations contained in Paragraph 33.

34. Answering Paragraph 34 of the Complaint, Firstsource states that the FDCPA and case law interpreting the same speak for themselves and Firstsource denies any allegations that are inconsistent therewith.

35. Answering Paragraph 35 of the Complaint, Firstsource states that 15 U.S.C. § 1692e and case law interpreting the same speak for themselves and Firstsource denies any allegations that are inconsistent therewith. Firstsource otherwise denies the allegations in Paragraph 35.

36. Answering Paragraph 36 of the Complaint, Firstsource states that the October 8, 2015 letter speaks for itself, and Firstsource denies any allegations that are inconsistent therewith. Firstsource otherwise denies the allegations in Paragraph 36.

37. Answering Paragraph 37 of the Complaint, Firstsource denies the allegations contained in Paragraph 37.

38. Answering Paragraph 38 of the Complaint, Firstsource states that 15 U.S.C. § 1692e(10) and case law interpreting the same speak for themselves and Firstsource denies any allegations that are inconsistent therewith.

LA 52024908

39. Answering Paragraph 39 of the Complaint, Firstsource states that the FDCPA and case law interpreting the same speak for themselves and Firstsource denies any allegations that are inconsistent therewith.

40. Answering Paragraph 40 of the Complaint, Firstsource states that the October 8, 2015 letter speaks for itself, and Firstsource denies any allegations that are inconsistent therewith.

41. Answering Paragraph 41 of the Complaint, Firstsource denies the allegations contained therein.

42. Answering Paragraph 42 of the Complaint, Firstsource denies the allegations contained therein.

43. Answering Paragraph 43 of the Complaint, Firstsource denies the allegations contained therein.

44. Answering Paragraph 44 of the Complaint, Firstsource denies the allegations contained therein.

45. Answering Paragraph 45 of the Complaint, Firstsource denies the allegations contained therein.

46. Answering Paragraph 46 of the Complaint, Firstsource states that the FDCPA, including 15 U.S.C. § 1692e, and case law interpreting the same speak for themselves and Firstsource denies any allegations that are inconsistent therewith.

47. Answering Paragraph 47 of the Complaint, Firstsource states that 15 U.S.C. § 1692e and case law interpreting the same speak for themselves and Firstsource denies any allegations that are inconsistent therewith. Firstsource otherwise denies the allegations in Paragraph 47.

48. Answering Paragraph 48 of the Complaint, Firstsource denies the allegations contained therein.

49. Answering Paragraph 49 of the Complaint, Firstsource denies the allegations contained therein.

50. Answering Paragraph 50 of the Complaint, Firstsource admits that Plaintiff purports to bring this action for alleged violations of 15 U.S.C. § 1692e(2)(A) but denies that it violated 15 U.S.C. § 1692e(2)(A), or any other provision of the FDCPA, or that Plaintiff is entitled to any relief whatsoever. Except as expressly admitted herein, Firstsource denies the allegations contained in Paragraph 50.

51. Answering Paragraph 51 of the Complaint, Firstsource states that the FDCPA and case law interpreting the same speak for themselves and Firstsource denies any allegations that are inconsistent therewith.

52. Answering Paragraph 52 of the Complaint, Firstsource states that 15 U.S.C. § 1692e and case law interpreting the same speak for themselves and Firstsource denies any allegations that are inconsistent therewith.

53. Answering Paragraph 53 of the Complaint, Firstsource admits that the October 8, 2015 letter was derived from a form letter. Except as expressly admitted herein, Firstsource denies the allegations contained in Paragraph 53.

54. Answering Paragraph 54 of the Complaint, Firstsource admits that, in compliance with applicable laws and regulations, it has sent over 100 collection letters in attempts to contact debtors and obtain payment of their respective outstanding, delinquent debts. Except as expressly admitted herein, Firstsource denies the allegations contained in Paragraph 54.

55. Answering Paragraph 55 of the Complaint, Firstsource admits that Plaintiff purports to bring this action for alleged violations of the FDCPA but denies that is violated the FDCPA or that Plaintiff is entitled to any relief whatsoever. Firstsource further states that Paragraph 55 contains a legal conclusion to which no response is required. To the extent a further response is required, Firstsource denies the allegations contained in Paragraph 55.

56. Answering Paragraph 56 of the Complaint, Firstsource denies the allegations contained therein.

57. Answering Paragraph 57 of the Complaint, Firstsource denies the allegations contained therein.

58. Answering Paragraph 58 of the Complaint, Firstsource admits that Plaintiff "alleges and avers that [Firstsource] violated the Plaintiff's right not to be the target of misleading debt collection communications" but denies any liability to Plaintiff and denies that Plaintiff is entitled to any relief whatsoever.

59. Answering Paragraph 59 of the Complaint, Firstsource admits that Plaintiff "alleges and avers that [Firstsource] violated the Plaintiff's right to a truthful and fair debt collection process" but denies any liability to Plaintiff and denies that Plaintiff is entitled to any relief whatsoever.

60. Answering Paragraph 60 of the Complaint, Firstsource admits that Plaintiff "alleges and avers that [Firstsource] used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt" but denies any liability to Plaintiff and denies that Plaintiff is entitled to any relief whatsoever.

61. Answering Paragraph 61 of the Complaint, Firstsource admits that Plaintiff "alleges and avers that [Firstsource]'s communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to [Firstsource]'s collection efforts" but denies any liability to Plaintiff and denies that Plaintiff is entitled to any relief whatsoever.

62. Answering Paragraph 62 of the Complaint, Firstsource states that the FDCPA and case law interpreting the same speak for themselves and Firstsource denies any allegations that are inconsistent therewith. Further, Paragraph 62 otherwise contains a legal conclusion to which no response is required. Firstsource otherwise denies the allegations contained in Paragraph 62.

63. Answering Paragraph 63 of the Complaint, Firstsource denies the allegations contained in Paragraph 63.

64. Answering Paragraph 64 of the Complaint, Firstsource denies the allegations contained therein.

LA 52024908

## CLASS ALLEGATIONS

65. Answering Paragraph 65 of the Complaint, Firstsource admits that Plaintiff purports to bring this as a putative class action for alleged violations of the FDCPA but denies that class treatment is appropriate in this action.

66. Answering Paragraph 66 of the Complaint, Firstsource denies the allegations contained in Paragraph 66.

67. Answering Paragraph 67 of the Complaint, Firstsource admits that Plaintiff purports to assert his claim on behalf of a putative class, excluding Firstsource and all officers, members, partners, managers, directors, and employees of Firstsource and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families but Firstsource denies that class treatment is appropriate in this action.

68. Answering Paragraph 68 of the Complaint, Firstsource denies the allegations contained therein.

69. Answering Paragraph 69 of the Complaint, Firstsource denies the allegations contained therein.

70. Answering Paragraph 70 of the Complaint, Firstsource lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 and, on that basis, denies the allegations contained therein.

71. Answering Paragraph 71 of the Complaint, including Paragraph 71(a)-(e), Firstsource denies the allegations contained therein.

72. Answering Paragraph 72 of the Complaint, Firstsource denies the allegations contained therein.

73. Answering Paragraph 73 of the Complaint, Firstsource denies the allegations contained therein.

74. Answering Paragraph 74 of the Complaint, Firstsource denies the allegations contained therein.

75. Answering Paragraph 75 of the Complaint, Firstsource states that Paragraph 75 contains no allegations directed toward Firstsource and, therefore, Firstsource neither admits nor denies the allegations contained therein.

## FIRST CAUSE OF ACTION

76. Answering Paragraph 76 of the Complaint, Firstsource incorporates its responses to Paragraphs 1 through 75, above, as if fully set forth herein.

77. Answering Paragraph 77 of the Complaint, Firstsource admits that Plaintiff purports to bring this as a putative class action for alleged violations of the FDCPA but denies that class treatment is appropriate in this action. Further, Firstsource states that the FDCPA and case law interpreting the same speak for themselves and Firstsource denies any allegations that are inconsistent therewith. Except as expressly stated herein, Firstsource denies the allegations contained in Paragraph 77.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

78. Answering Paragraph 78 of the Complaint, Firstsource denies the allegations contained therein.

79. Answering Paragraph 79 of the Complaint, Firstsource denies the allegations contained therein.

80. Answering Paragraph 80 of the Complaint, Firstsource denies the allegations contained therein.

## JURY DEMAND

81. Firstsource admits that Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

82. Answering subparagraph (1) of Plaintiff's Prayer for Relief, Firstsource denies any liability to Plaintiff and denies that Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. § 1692k, or any relief whatsoever from Firstsource.

83. Answering subparagraph (2) of Plaintiff's Prayer for Relief, Firstsource denies any liability to Plaintiff and denies that Plaintiff is entitled to an award of attorneys' fees, litigation expenses, costs of suit, or any relief whatsoever from Firstsource.

84. Answering subparagraph (3) of Plaintiff's Prayer for Relief, Firstsource denies any liability to Plaintiff and denies that Plaintiff is entitled to any relief whatsoever from Firstsource.

85. Answering subparagraph (4) of Plaintiff's Prayer for Relief, Firstsource denies any liability to Plaintiff and denies that Plaintiff is entitled to any relief whatsoever from Firstsource.

## **AFFIRMATIVE DEFENSES**

Without assuming the burden of proof where it otherwise lies with Plaintiff, Firstsource alleges the following affirmative defenses:

### **FIRST AFFIRMATIVE DEFENSE**
(Standing)

86. The claims of Plaintiff, and/or any person he purports to represent, are barred, in whole or in part, because Plaintiff, and/or any person he purports to represent, lacks standing to pursue his claims, or those of any person he purports to represent, against Firstsource.

### **SECOND AFFIRMATIVE DEFENSE**
(Failure to Mitigate)

87. To the extent that Plaintiff, and/or any person he purports to represent, has suffered any damages as a result of the matters alleged in the Complaint, which Firstsource denies, Plaintiff, and/or any person he purports to represent, has failed to mitigate those damages and the claims therefore are barred, in whole or in part.

### **THIRD AFFIRMATIVE DEFENSE**
(Waiver and Estoppel)

88. The Complaint is barred, in whole or in part, by the conduct, actions and inactions of Plaintiff, and/or any person he purports to represent, which amount to and constitute a waiver and/or estoppel of the claims and any relief sought thereby.

LA 52024908

## FOURTH AFFIRMATIVE DEFENSE
(Laches)

89. The claims of Plaintiff, and/or any person he purports to represent, are barred, in whole or in part, by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE
(Ratification)

90. Plaintiff, and/or any person he purports to represent, ratified the conduct alleged in the Complaint and therefore are barred from recovery against Firstsource.

## SIXTH AFFIRMATIVE DEFENSE
(Unclean Hands)

91. The Complaint is barred, in whole or in part, by the conduct, actions and inactions of Plaintiff, and/or any person he purports to represent, under the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE
(Commercially Reasonable and Lawful Conduct)

92. At all relevant times, Firstsource acted in a commercially reasonable and lawful manner.

## EIGHTH AFFIRMATIVE DEFENSE
(Bona Fide Error)

93. Firstsource may not be held liable under the bona fide error defense contained in the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(c).

## NINTH AFFIRMATIVE DEFENSE
(Reservation of Rights)

94. Firstsource expressly reserves its right to assert such other and further affirmative defenses as may be appropriate.

WHEREFORE, Firstsource requests the following relief:

(1) That the Complaint be dismissed with prejudice;

(2) That Plaintiff take nothing from Firstsource by virtue of the Complaint;

(3) That the Court award Firstsource its attorneys' fees, expenses and costs to the full extent permitted by law; and

(4) For such other and further relief as the Court deems just and proper.

Dated: New York, New York  
       January 3, 2017

STROOCK & STROOCK & LAVAN LLP

By: */s/ Raymond A. Garcia*  
    Raymond A. Garcia

180 Maiden Lane  
New York, New York 10038  
Telephone: 212-806-5400  
Fax: 212-806-6006  
Email: rgarcia@stroock.com

*Attorneys for Defendant*  
*Firstsource Advantage, LLC*

LA 52024908